**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SIMETI TALI, Defendant**

High Court of American Samoa
Trial Division

CR No. 24-93

October 27, 1993

21

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel:      For Plaintiff, Rosemary H. Kaholokula, Assistant Attorney General, and John L. Wilks, Assistant Attorney General
              For Defendant, Barry I. Rose

Order Granting Motion to Amend Bill of Particulars and Scheduling Pre-Trial Conference:

Plaintiff's expedited motion to amend the amended bill of particulars, filed on October 5, 1993, came regularly for hearing on October 26, 1993. Both parties appeared by counsel. Defendant was present.

■■■ The court first heard and denied defendant's oral motion for reconsideration of the court's order of October 22, 1993, permitting an expedited hearing on plaintiff's motion. Defendant's counsel professed his understanding that expedited hearings on motions filed within 15 days of trial in criminal cases would be denied as a matter of this court's policy. While pre-trial motions in criminal matters should ordinarily be heard in a timely manner, an inflexible policy in this regard is inappropriate. Each situation must be individually considered. Moreover, T.C.R.Cr.P Rule 7(f) distinctly provides that "A bill of particulars may be amended at any time subject to such conditions as justice requires."

■■ An ancient aid to pleading and procedure, the concept of a bill of particulars has survived in the context of criminal cases, but not in civil litigation, in the federal rules of procedure; the federal rules form the essential basis for this court's rules of both criminal and civil procedure. See A.S.C.A. §§ 46.0501, 43.0201. In contrast to civil actions, a bill of particulars continues to serve a useful purpose in criminal prosecutions. As an adjunct to the more limited means of discovery available in criminal cases, it provides another basis upon which defense strategy can be formulated when the charges, though legally sufficient, are vaguely stated. See WRIGHT, ET AL., CRIMINAL PRACTICE AND PROCEDURE, § 129, at 432 (2d ed. 1983).

Such imprecision is present in this action, where the three charges are alleged to have occurred within a time frame beginning in 1991 and

ending in June 1993, without stating exact locations or specifying the acts of alleged "deviate sexual intercourse." Hence, on September 10, 1993, defendant sought and, on September 14, 1993, obtained a bill of particulars alleging more detailed information as to dates, times, and places, and, for Count II of the information, acts of "deviate sexual intercourse," upon which plaintiff is relying in this prosecution. On October 5, 1993, plaintiff found it necessary to provide an amended bill of particulars, changing the year in which the offenses charged in Counts I and III of the information allegedly occurred and the month in which the offense charged in Count II of the information allegedly occurred. Now plaintiff seeks to modify the amended bill of particulars to change the year during which the offense prosecuted in Count II allegedly took place, and establish in this year a two-month, rather than one-month, period.

■ Defendant's protests of prejudice are not well-founded. Whatever reasons caused plaintiff's mistakes in providing an appropriately informative bill of particulars, defendant's knowledge of the accusations was amply supplemented by copies of the police reports and the transcript of the preliminary examination which he has received. The combined effect of those documents clearly indicates the factual assertions, and the chronological sequence of events, supporting this prosecution. The proposed amendments only further fix the limits of those assertions and serve the purpose of a bill of particulars. Even though trial by jury is scheduled to commence on November 2, 1993, defendant has been fully informed of the charges well in advance and has been afforded ample opportunity to prepare his defense. *U.S. v. Shavin*, 287 F.2d 647, 650 (7th Cir. 1961).

Such information and opportunity are the critical criteria for a fair trial. In *U.S. v. Chapman*, the district court allowed the government to amend and supplement a bill of particulars in a prosecution for income tax invasion. 168 F.2d 997 (7th Cir. 1948). No error was found on appeal, the court stating at 999 that "The bill of particulars as amended and supplemented sufficiently apprised appellant of the theory of the charge against him and of the general character of the evidence the Government expected to rely upon to sustain that charge." In *U.S. v. Bender*, 218 F.2d 869 (9th Cir. 1955), the government amended the bill of particulars three times, the last of which was the day before trial. In upholding a conviction for income tax evasion, the court of appeals noted that the amendments "(d)id not amount to a surprise allegation which defendant was not given time to meet," and "It was therefore not an abuse . . . to allow these amendments to be made." *Id*. at 847.

23

Plaintiff's motion to amend the amended bill of particulars is granted.

A pre-trial conference to discuss voir dire questioning, evidentiary issues, instructions, and any other matters raised by either party concerning the conduct of the trial is scheduled on November 1, 1993, at 9:00 a.m. To the fullest practical extent, both parties shall submit their proposed voir dire questions and instructions to the court no later than 4:00 p.m. on October 29, 1993.

It is so ordered.